IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ST. MICHAEL'S MEDICAL CENTER<br>219 Chestnut Street<br>Newark, NJ 07105 | )<br>)<br>) | |
| ST. JAMES HOSPITAL<br>219 Chestnut Street<br>Newark, NJ 07105 | )<br>)<br>) | |
| COLUMBUS HOSPITAL<br>c/o ConsolidatedFiscal Services<br>219 Chestnut Street<br>Newark, NJ 07105 | )<br>)<br>)<br>) | COMPLAINT |
| MUHLENBERG REGIONAL<br>MEDICAL CENTER<br>98 James Street<br>Edison, NJ 08818 | )<br>)<br>)<br>) | CIVIL ACTION NO. _____ |
| TRINITAS HOSPITAL- WSC<br>225 Williamson Street<br>Elizabeth, NJ 07207 | )<br>)<br>) | |
| TRINITAS HOSPITAL<br>925 East Jersey Street<br>Elizabeth, NJ 07201 | )<br>)<br>) | |
| ST.JOSEPH'S HOSPITAL AND<br>MEDICAL CENTER<br>703 Main Street<br>Paterson, NJ 07503 | )<br>)<br>)<br>) | |
| HOLY NAME HOSPITAL<br>718 Teaneck Road<br>Teaneck, NJ 07666 | )<br>)<br>)<br>) | |
| BARNERT HOSPITAL<br>680 Broadway<br>Paterson, NJ 07514-1472 | )<br>)<br>)<br>) | |
| HACKETTSTOWN COMMUNITY<br>HOSPITAL<br>651 Willow Grove Street<br>Hackettsown, NJ 07840-1798 | )<br>)<br>)<br>) | |

| | |
|---|---|
| EAST ORANGE GENERAL HOSPITAL<br>300 Central Avenue<br>East Orange, NJ 07019 | )<br>)<br>)<br>) |
| HACKENSACK UNIVERSITY MEDICAL CENTER<br>30 Prospect Avenue<br>Hackensack, NJ 07601 | )<br>)<br>)<br>) |
| BURDETTE TOMLIN MEMORIAL HOSPITAL<br>Two Stone Harbor Boulevard<br>Cape May Court House, NJ 08210 | )<br>)<br>)<br>) |
| RARITAN BAY MEDICAL CENTER<br>530 New Brunswick Avenue<br>Perth Amboy, NJ 08861 | )<br>)<br>)<br>) |
| SOMERSET MEDICAL CENTER<br>110 Rehill Avenue<br>Somerville, NJ 08876-2598 | )<br>)<br>)<br>) |
| PASSAIC BETH ISRAEL HOSPITAL<br>70 Parker Avenue<br>Passaic, NJ 07055 | )<br>)<br>)<br>) |
| WARREN HOSPITAL<br>185 Roseberry Street<br>Phillipsburg, NJ 08865 | )<br>)<br>)<br>) |
| NEWTON MEMORIAL HOSPITAL<br>175 High Street<br>Newton, NJ 07860 | )<br>)<br>)<br>) |
| SAINT FRANCIS HOSPITAL<br>241 North Road<br>Poughkeepsie, NY 12601-1399 | )<br>)<br>)<br>) |
| ST. PETER'S MEDICAL CENTER<br>254 Easton Avenue<br>New Brunswick, NJ 08903 | )<br>)<br>)<br>) |
| THE HOSPITAL CENTER AT ORANGE<br>188 South Essex Avenue<br>Orange, NJ 07051 | )<br>) |

|  |  |
|---|---|
| and | ) |
| JFK MEDICAL CENTER<br>98 James Street<br>Edison, NJ 08818 | )<br>)<br>) |
| Plaintiffs | ) |
| v. | ) |
| MICHAEL LEAVITT, Secretary of the<br>Department of Health and Human Services<br>200 Independence Avenue, S.W.<br>Washington, D.C. 20201 | )<br>)<br>) |
| Defendant | )<br>) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

St. Michael's Medical Center, St. James Hospital, Columbus Hospital, Muhlenberg Regional Medical Center, Trinitas Hospital – WSC, Trinitas Hospital, St. Joseph's Hospital and Medical Center, Holy Name Hospital, Barnert Hospital, Hackettstown Community Hospital, East Orange General Hospital, Hackensack University Medical Center, Burdette Tomlin Memorial Hospital, Raritan Bay Medical Center, Somerset Medical Center, Passaic Beth Israel Hospital, Warren Hospital, Newton Memorial Hospital, Saint Francis Hospital, St. Peter's Medical Center, The Hospital Center at Orange, and JFK Medical Center ("Providers" of Medicare services) bring this action against Michael Leavitt, Secretary of the Department of Health and Human Services pursuant to an expedited judicial review determination by the Department's Provider Reimbursement Review Board ("PRRB" or "Board"). The Providers ask the Court to decide questions of law that the Board found that it did not have the authority to

decide, and to determine thereby the merits of their claims for additional Medicare payments.

## JURISDICTION AND VENUE

1. This action arises under 42 U.S.C. § 1395oo(f)(1), a part of the Medicare statute.

2. Subject matter jurisdiction governing this action is conferred on this Court pursuant to the provisions of 42 U.S.C. § 1395oo(f)(1), in that the Providers are commencing this action within sixty (60) days of receiving notice of a November 5, 2007 decision of the PRRB that it is without the authority to decide certain questions.

3. Venue is proper in the United States District Court for the District of Columbia pursuant to 42 U.S.C. § 1395oo(f)(1).

## THE PARTIES

4. Plaintiffs St. Michael's Medical Center (Medicare Provider No. 31-0096), St. James Hospital (Medicare Provider No. 31-0018), Columbus Hospital (Medicare Provider No. 31-0093), Muhlenberg Regional Medical Center (Medicare Provider No. 31-0063), Trinitas Hospital – WSC (Medicare Provider No. 31-0072), Trinitas Hospital (Medicare Provider No. 31-0027), St. Joseph's Hospital and Medical Center (Medicare Provider No. 31-0019), Holy Name Hospital (Medicare Provider No. 31-0008), Barnert Hospital (Medicare Provider No. 31-0026), Hackettstown Community Hospital (Medicare Provider No. 31-0115), East Orange General Hospital (Medicare Provider No. 31-0083),

Hackensack University Medical Center (Medicare Provider No. 31-0001), Burdette Tomlin Memorial Hospital (Medicare Provider No. 31-0011), Raritan Bay Medical Center (Medicare Provider No. 31-0039), Somerset Medical Center (Medicare Provider No. 31-0048, Passaic Beth Israel Hospital (Medicare Provider No. 31- 0020), Warren Hospital (Medicare Provider No. 31-0060), Newton Memorial Hospital (Medicare Provider No. 31-0028), Saint Francis Hospital (Medicare Provider No. 33-0067), St. Peter's Medical Center (Medicare Provider No. 31-0070), The Hospital Center at Orange (Medicare Provider No. 31-0078) and JFK Medical Center (Medicare Provider No. 31-0108) consist of multiple hospitals from multiple urban Metropolitan Statistical Areas (as defined by the Executive Office of Management and Budget).

5. Defendant Michael Leavitt is the Secretary of the Department of Health and Human Services, which is responsible for administering the Medicare program.

NATURE OF THE ACTION

6. This is an action seeking additional payments from the Medicare program under its prospective payment system because of an incorrectly calculated wage index for the Providers for federal fiscal year 2000 (October 1, 1999 – September 30, 2000) which includes Provider fiscal years ending September 30, 2000 and December 31, 2000. Specifically, the sole issue before this Court is the legal question of whether it was proper for the Centers for Medicare & Medicaid Services to exclude the wage, fringe benefit, and hour data of reclassified hospitals located in the Providers' Metropolitan Statistical

Area for purposes of calculating the Providers' federal fiscal year 2000 wage index and Geographic Adjustment Factor.

## BACKGROUND

7. Defendant Secretary administers the Medicare program (42 U.S.C. § 1395 et seq., title XVIII of the Social Security Act) through the Department's Centers for Medicare & Medicaid Services ("CMS"). CMS in turn contracts most of the administrative functions of the program to private companies, usually insurance companies, called fiscal "Intermediaries." The lead (majority) Intermediary in this case is Riverbend Government Benefits Administrator, and the minority Intermediary is Empire Medicare Services (a Division of Empire HealthChoice Assurances, Inc.), collectively the "Intermediaries".

8. Payments to acute care facilities under the Medicare program's prospective payment system ("PPS") depend, in part, on a wage index. The Secretary must adjust the standardized amounts for area wages based on the geographic location of the hospital compared to the national average hospital wage level. The wage index is calculated by dividing the average hourly wage paid by hospitals in that area by the national average hourly hospital wage. The Geographic Adjustment Factor ("GAF") (another component of the overall calculation) is computed from the wage index. Under this formula, the higher the wage index and GAF, the more reimbursement the hospital will receive.

9. Federal law defines how the area wage levels are to be adjusted. At all times relevant to this dispute, and even continuing through the filing of this Complaint, the Medicare

statute at 42 U.S.C. § 1395ww(d)(3)(E) has required that: "The Secretary shall adjust the proportion (as estimated by the Secretary from time to time) of hospitals' costs which are attributable to wages and wage-related costs, of the DRG prospective payment rates computed under subparagraph (D) for area differences in hospital wage levels by a factor (established by the Secretary) reflecting the relative hospital wage level in the geographic area of the hospital compared to the national average hospital wage level." At no time has this law been modified or changed. The Secretary has determined by regulation that the "geographic area" of any urban hospital for this purpose is its Metropolitan Statistical Area ("MSA"). 42 C.F.R. §§ 412.62(f), 412.63(b), 42 C.F.R. § 1004.1.

10. Wage levels are regularly adjusted, and CMS is required to update the wage index annually. CMS bases the annual update on a survey of wages and wage related costs taken from the cost reports filed by each hospital paid under PPS. 42 U.S.C. § 1395ww(d)(3)(E). At the end of its fiscal year, a hospital submits to its intermediary a cost report setting forth all costs for which it claims reimbursement 42 C.F.R. § 405.1801(b)(1). Based on these costs and the hospital's wage index, the fiscal intermediary calculates the amount of reimbursement due to the hospital.

11. Based on the substantial amount of time that is needed for the hospital to compile and submit cost reports and for the intermediary to review these reports, there is usually a four-year lag between the data collection period and the period to which it is applied. Thus, for example, the Secretary obtained and reviewed, through his intermediaries, data

from federal fiscal year 1996 for use in the computation of wage indices for federal fiscal year 2000.

12. Although wage indices and GAFs are generally set geographically within the MSAs, Congress determined that this system occasionally produced inequitable results. It therefore created the Medicare Geographic Classification Review Board ("MGCRB"), which reviews applications from hospitals seeking geographic redesignation to a nearby area in order to use that area's higher wage index and GAF. 42 U.S.C. § 1395ww(d)(10); 42 C.F.R. §§ 412.230-412.235. Reclassifications are temporary, and hospitals that qualify must apply every three years. 42 U.S.C. § 1395ww(d)(10)(D)(v).

13. In the case of rural hospitals redesignated to another area, the wage index of the rural area where the redesignated hospitals are geographically located is calculated by including the wage data of the redesignated hospitals, unless doing so would result in a lower wage index. 42 U.S.C. § 1395(d)(8)(C). The same was not true for urban hospitals; the data from redesignated hospitals was not included in the wage index calculation for the hospitals left behind in the MSAs. This injustice to urban hospitals was corrected by the Secretary in federal fiscal year 2002. This correction to the Secretary's previous mistaken policy for urban hospitals in federal fiscal year 2002 occurred without any change in the existing law and without any new federal regulations.

8

## PROCEDURAL HISTORY

14. Under the Medicare program, a provider that is dissatisfied with a final determination of the fiscal intermediary or Secretary may appeal it. Upon compliance with the statutorily imposed jurisdictional requirements, a hospital may request a hearing before the PRRB. 42 U.S.C. § 1395oo(a), (b).

15. The Plaintiffs are dissatisfied with the final determination of the Secretary for the wage index calculation for federal fiscal year 2000. Specifically, the Plaintiffs believe that is was in violation of the underlying federal law at 42 U.S.C. § 1395ww(d)(3)(E), for the Secretary to exclude the wage, fringe benefit, and hour data of hospitals that had reclassified pursuant to a MGCRB appeal, and yet were located in the Providers' MSAs, for purposes of calculating the Providers' federal fiscal year 2000 wage index and GAF. The Providers filed a group appeal with the PRRB and, when the group was complete, the Providers requested Expedited Judicial Review which was granted by the Board on November 5, 2007. This action ensues.

## STATEMENT OF THE CASE

16. The facts here are not in dispute. The Providers are all PPS urban hospitals who have been financially materially harmed by the fact that the Secretary, in violation of 42 U.S.C. § 1395ww(d)(3)(E), excluded the wages of all reclassified hospitals located in the Providers' various MSAs for purposes of calculating the Providers' federal fiscal year 2000 wage index and GAF. By definition, hospitals who successfully reclassify to

another MSA increase their reimbursement; the criteria for redesignation only allow hospitals to move into MSA's with higher wage indices and GAFs.

17. Typically, hospitals with higher average hourly rates redesignate to MSAs with higher wage indices and GAFs. Put another way, it is the higher paying hospitals which seek reclassification, and, under the Secretary's policy in the year 2000 to exclude the reclassified hospitals from the calculation of the wage index in the (departed) MSA, this leaves the remainder of the hospitals in that MSA with less reimbursement.

18. The Secretary revised and corrected his previous mistaken policy for urban hospitals beginning in fiscal year 2002 to correct the injustice that occurred in this case and to comport with 42 U.S.C. § 1395ww(d)(3)(E), by requiring that when hospitals move out of an MSA through an MGCRB appeal, they will be considered to have remained in the MSA for purposes of computing the remaining hospitals' wage index for their original MSA.

19. The correction was documented in the preamble to 66 Fed. Reg. 39828 (August 1, 2001) where CMS corrected its reading and/or understanding of the underlying statute. The text reads in part: "Currently, the wage index value for an urban area is calculated exclusive of the wage data for hospitals that have been reclassified to another area. For FY 2002 wage index, we include the wage data for a reclassified urban hospital in both the area to which it is reclassified and the MSA where the hospital is physically located. We believe this improves consistency and predictability in hospital reclassifications and

wage indexes, as well as alleviates the fluctuations in the wage indexes due to reclassifications….Also, in some cases, excluding the data of hospitals reclassified to another MSA could have a large downward impact on the wage index of the MSA in which the hospital is physically located. The negative impact of removing the data of the reclassified hospitals from the wage index calculation could lead to large wage disparities between the reclassified hospitals and other hospitals in the MSA, as the remaining hospitals would receive reduced payments due to a lower wage index…..66 Fed Reg. at 39865.

20. Also, it is important to restate, the Secretary, alone, corrected the injustice; no legislative change was necessary and no new regulation was enacted. There was no need for Congressional action because no change in the law was necessary. The law already required what was effectuated in the year 2002. The Providers should receive a wage index and GAF based on a labor market which includes all hospitals located in their respective MSAs during the year from which wage index data was drawn (1996), that is, include all reclassified hospitals in the computation. The impact of this correction is enormous for the affected hospitals because this would require the inclusion of the wages of the 'high cost hospitals' that staged a successful MGCRB appeal to move to another (more lucrative) MSA. A complete listing of each hospital in this group appeal, along with the effect of the improper CMS wage index computation is attached at Exhibit "A," which shows a collective underpayment of approximately $20,588,699.

## APPLICABLE AUTHORITY AND GROUNDS FOR RELIEF

21. Defendant violated 42 U.S.C. 1395ww(d)(3)(E), by removing all reclassified hospitals from the wage index calculation for the Providers' MSA. The resulting wage index for federal fiscal year 2000 for the Plaintiffs is no longer one "reflecting the relative hospital wage level in the geographic area of the hospital compared to the national average hospital wage level."

22. Defendant violated the Administrative Procedures Act ("APA") and 42 C.F.R. §§ 413.5(b)(3) and 413.9(c). The APA requires that administrative policies and procedures not be "arbitrary and capricious" and not be an "abuse of discretion." Similarly, the referenced Medicare regulations require that payments to providers be "fair to each provider individually." 42 C.F.R. § 413.5(b)(3). Pursuant to these regulations, the Medicare program has a requirement that payments to each provider be fair. This means that payments to one provider may not be unfair with the justification that payments overall are fair. The actions and policy that exclude the wages, fringe benefits, and hour data of the (higher cost) reclassified urban hospitals located in the Providers' MSA in calculating the Providers' 2000 wage index (unlike the policy for rural hospitals) to the detriment of the hospitals remaining in that MSA for 2000 are arbitrary, capricious, an abuse of discretion, and unfair to these individual Providers.

23. Defendant violated the Equal Protection Clause of the United States Constitution. Under the Equal Protection Clause of the United States Constitution, persons and institutions must be treated similarly in similar circumstances. It is unconstitutional to

12

treat one person or group differently from another without sufficient cause. The Providers contend that it violates the Equal Protection Clause to arbitrarily and capriciously have a policy in place for urban but not rural hospitals in the year 2000 that creates a "large downward impact on the wage index" (the government's words), and then correct that arbitrary policy for urban hospitals for the year 2002 (and going forward) without making restitution to those who were harmed by the illegal policy in the year 2000.

24. Further, as noted again, nothing in the underlying law changed between the year 2000 and 2002. The federal law which defines how the Secretary "shall" adjust the wage indices did not change; the law consistently required the wage index adjustments to reflect "the relative hospital wage level in the geographic area of the hospital compared to the national average hospital wage level". 42 U.S.C. §1395ww(d)(3)(E). Yet in the year 2000, CMS applied an illegal policy to treat urban hospitals one way, and rural hospitals another, which had the undisputed effect of financially harming the urban Providers in this group appeal. The fact that the government corrected this policy (without any change in the law) one year later (and evermore) does not erase the fact that these Providers have real and measurable damages in the year 2000. This equal protection violation must be corrected by law.

**WHEREFORE**, Plaintiffs respectfully pray:

A. That this Court require that the wages, fringe benefits, and hours of all reclassified hospitals located in the Providers' Metropolitan Statistical Area be included in the computation of the wage index for the Plaintiffs for federal fiscal year 2000 which would result in an increase of collective reimbursement of approximately $20,588,699;

B. That the Plaintiffs be awarded interest under 42 USC § 1395oo(f)(2);

C. That the Plaintiffs be awarded all costs, fees, and other expenses of this action, including attorney's fees; and

D. That the Court orders any other relief that it deems just and proper.

_Katherine Karker-Jennings_
Katherine Karker-Jennings
Federal Bar No.: 26003 (U.S.D.C. – MD)
DC Bar No. 349290
6030 Daybreak Circle
Suite A-150, Room 239
Clarksville, MD 21029
Phone: 410-531-2622; Fax: 410-531-9449
Karkerjen@aol.com
Attorney for Plaintiffs

Exhibit A

Schedule of Providers in Group (Schedule A)

| | | | | Page No. | 1 | of | 1 | |
|---|---|---|---|---|---|---|---|---|

Group Name: DeLuca 00 Wage Index & GAF Factor Understatement
Representative: Katherine Karker-Jennings, Esq.
Case No.: 05-1797G
Issue: Was it proper for CMS to exclude the wage data of reclassified hospitals in calculating the Provider's Wage Index and GAF?
Date Prepared: 1/16/2007 - Revised 10/22/07

| | Provider Number | Provider Name | FYE | Intermediary | A Date of Final Determ | B Date of Hearing Rqst | C No. of Days | D Audit Adj. no. | E Amount of Reimbursement | F Original Case No. | G Date(s) of Add/Transf |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 31-0096 | Saint Michael's MC (Newark, NJ - Essex County) | 12/31/2000 | Riverbend GBA | 9/29/2003 | 3/26/2004 | 179 | N/A | $ 2,873,824 | 04-1410 | 10/3/05 & 10/13/05 |
| 2 | 31-0018 | Saint James Hospital (Newark, NJ - Essex County) | 12/31/2000 | Riverbend GBA | 6/25/2003 | 12/5/2003 | 163 | N/A | $ 481,840 | 04-0304 | 10/3/05 & 10/13/05 |
| 3 | 31-0093 | Columbus Hospital (Newark, NJ - Essex County) | 12/31/2000 | Riverbend GBA | 7/18/2003 | 12/12/2003 | 147 | N/A | $ 896,931 | 04-0462 | 10/3/05 & 10/13/05 |
| 4 | 31-0063 | Muhlenberg Regional MC (Plainfield, NJ - Union County) | 12/31/2000 | Riverbend GBA | 9/30/2003 | 3/26/2004 | 178 | N/A | $ 2,286,775 | 04-1409 | 6/28/05 & 7/18/05 |
| 5 | 31-0072 | Trinitas Hosp. Williamson St. Campus (Elizabeth, NJ - Union County) | 12/31/2000 | Riverbend GBA | 9/17/2003 | 3/10/2004 | 175 | N/A | $ 1,445,859 | 04-1049 | 6/28/05 & 7/18/05 |
| 6 | 31-0027 | Trinitas Hospital (Elizabeth, NJ - Union County) | 12/31/2000 | Riverbend GBA | 9/25/2003 | 3/18/2004 | 175 | N/A | $ 887,297 | 04-1424 | 6/13/05 & 6/28/05 |
| 7 | 31-0019 | St. Joseph's Regional MC (Paterson, NJ - Passaic County) | 12/31/2000 | Riverbend GBA | 9/26/2003 | 3/22/2004 | 178 | N/A | $ 1,178,118 | 04-1169 | 6/6/05 & 7/18/05 |
| 8 | 31-0008 | Holy Name Hospital (Teaneck, NJ - Bergen County) | 12/31/2000 | Riverbend GBA | 9/17/2003 | 3/15/2004 | 180 | N/A | $ 481,025 | 04-0986 | 7/28/05 & 8/2/05 |
| 9 | 31-0026 | Barnert Hospital (Paterson, NJ - Passaic County) | 12/31/2000 | Riverbend GBA | 9/26/2003 | 3/22/2004 | 178 | N/A | $ 158,130 | 04-1171 | 6/30/05 & 7/18/05 |
| 10 | 31-0115 | Hackettstown Community Hospital (Hackettstown, NJ - Warren County) | 12/31/2000 | Riverbend GBA | 6/17/2003 | 12/5/2003 | 171 | N/A | $ 612,484 | 04-0291 | 6/20/05 & 7/18/05 |
| 11 | 31-0083 | East Orange General Hospital (East Orange, NJ - Essex County) | 12/31/2000 | Riverbend GBA | 8/15/2003 | 1/20/2004 | 158 | N/A | $ 884,888 | 04-0503 | 8/19/2005 |
| 12 | 31-0001 | Hackensack University MC (Hackensack, Bergen Co, NJ) | 12/31/2000 | Riverbend GBA | 9/29/2003 | 3/29/2004 | 180 | N/A | $ 1,023,360 | 04-1500 | 1/9/06 & 1/23/06 |
| 13 | 31-0011 | Burdette Tomlin Memorial Hosp (Cape May Court House, Cape May Co., NJ) | 12/31/2000 | Riverbend GBA | 7/21/2003 | 12/5/2003 | 137 | N/A | $ 379,835 | 04-0293 | 10/6/05 & 10/13/05 |
| 14 | 31-0039 | Raritan Bay Medical Center (Perth Amboy, Middlesex Co., NJ) | 12/31/2000 | Riverbend GBA | 6/12/2003 | 12/5/2003 | 176 | N/A | $ 565,733 | 04-0292 | 8/11/05 & 8/18/05 |
| 15 | 31-0048 | Somerset Medical Center (Somerville, Somerset Co., NJ) | 12/31/2000 | Riverbend GBA | 9/25/2003 | 3/23/2004 | 180 | N/A | $ 365,340 | 04-1175 | 7/12/06 & 7/25/06 |
| 16 | 31-0020 | PBI Regional MC (Passaic, NJ - Passaic County) | 12/31/2000 | Riverbend GBA | 9/17/2003 | 3/10/2004 | 175 | N/A | $ 195,695 | 04-1050 | 8/18/05 & 8/25/05 |
| 17 | 31-0060 | Warren Hospital (Phillipsburg, NJ - Warren County) | 12/31/2000 | Riverbend GBA | 9/24/2003 | 3/18/2004 | 176 | N/A | $ 1,092,211 | 04-1439 | 6/7/06 & 6/9/06 |
| 18 | 31-0028 | Newton Memorial Hospital (Newton, NJ - Warren County) | 12/31/2000 | Riverbend GBA | 6/18/2003 | 12/12/2003 | 177 | N/A | $ 1,010,952 | 04-0465 | 7/12/2006 & 7/14/06 |
| 19 | 33-0067 | Saint Francis Hospital (Poughkeepsie, NY - Duchess County) | 12/31/2000 | Empire Medicare | 11/9/2005 | 4/25/2006 | 167 | N/A | $ 1,400,373 | 06-1666 | 7/10/06 & 7/17/06 |
| 20 | 31-0070 | St. Peter's Medical Center (New Brunswick, Middlesex Co., NJ) | 12/31/2000 | Riverbend GBA | 9/29/2003 | 3/10/2004 | 163 | N/A | $ 598,126 | 04-0940 | 2/13/06 & 3/22/06 |
| 21 | 31-0078 | Hospital Center at Orange (Orange, Essex Co., NJ) | 12/31/2000 | Riverbend GBA | 9/24/2003 | 3/17/2004 | 175 | N/A | $ 1,257,063 | 04-1106 | 10/3/05 & 10/13/05 |
| 22 | 31-0108 | JFK Medical Center (Edison, Middlesex Co., NJ) | 12/31/2000 | Riverbend GBA | 9/30/2003 | 3/24/2004 | 176 | N/A | $ 512,840 | 04-1493 | 6/22/05 & 6/28/05 |

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| St. Michael's Medical Center, et al. | Michael Leavitt, Secretary of the Department of Health and Human Services |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  88888
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Katherine Karker-Jennings
Katherine Karker-Jennings, P.A.
6030 Daybreak Circle, Suite A-150, Room 239
Clarksville, Maryland 21029
(410) 531-2622

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
● 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A.** *Antitrust*

☐ 410 Antitrust

○ **B.** *Personal Injury/ Malpractice*

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

● **C.** *Administrative Agency Review*

☒ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D.** *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E.** *General Civil (Other)*     OR     ○ **F.** *Pro Se General Civil*

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ● 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
42 U.S.C. Section 1395oo(f)(1) Suit for additional Medicare reimbursement based on a recalculation of the wage index

**VII. REQUESTED IN COMPLAINT**     CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐     DEMAND $ _____     Check YES only if demanded in complaint
JURY DEMAND:     YES ☐     NO ☒

**VIII. RELATED CASE(S) IF ANY**     (See instruction)     YES ☒     NO ☐     If yes, please complete related case form.

DATE 11/9/07     SIGNATURE OF ATTORNEY OF RECORD  *Katherine Karker-Jennings*

INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

    I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

    III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

    IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

    VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

    VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.